_____

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | |
|---|---|
| GABRIELLE GARDING, | Case No. 2:09-CV-246 DAK |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| STATE OF UTAH. | Judge Dale Kimball |
| Defendant. | Magistrate Judge Brooke C. Wells |

Plaintiff Gabrielle Garding filed suit on March 18, 2009, alleging that she had "been emotionally and physically tramatized [sic] on several occasions by law enforcement officers, Department of Workforce Services, Department of Child Protective Services."[1]  Because this court lacks subject matter jurisdiction over Garding's claims under the *Rooker-Feldman* doctrine and is barred from exercising jurisdiction over a case in which there may be ongoing state proceedings pursuant to *Younger v. Harris*,[2] the court recommends Garding's Complaint be dismissed.

Plaintiff's Complaint centers on events connected to state court proceedings.  Plaintiff alleges: that her children were "taken into protective custody illegally;"[3] that she has been unable

---

[1] Compl. p. 2.
[2] 401 U.S. 37 (1971).
[3] Compl. p. 2.

to work "due to the harassment and constant stalking by [Defendants]"[4] although all her "fines have been paid and probation cleared;"[5] Plaintiff has suffered physically due to the stress placed upon her by Defendant and needs to be permitted to "reconcile with my children;"[6] and Plaintiff has allegedly sought relief from the Utah Third District Court but was denied.[7] Also attached to Plaintiff's Complaint is a "motion for appeal" from a decision of "Judge Michael Quann,"[8] information concerning Plaintiff's petition to recall state warrants and a civil stalking injunction sought by Plaintiff.

Because Garding is appearing pro se, the court construes her pleadings liberally.[9] Garding is proceeding without prepayment of fees under 28 U.S.C. § 1915.[10] Section 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."[11] A complaint "is frivolous where it lacks an arguable basis either in law or in fact."[12] In this case, there is no arguable legal basis for the relief Garding seeks because the court lacks subject matter jurisdiction over it.

---

[4] *Id.* p. 3.
[5] *Id.*
[6] *Id.*
[7] *See id.* at p. 4.
[8] The court presumes Plaintiff is referring to Salt Lake County Justice Court Judge Michael Kwan.
[9] *See* Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Ledbetter v. City of Topeka, 318 F.3d 1183, 1197 (10th Cir. 2003).
[10] Docket no. 2.
[11] 28 U.S.C. § 1915(e)(2) (2006).
[12] Neitzke v. Williams, 490 U.S. 319, 325 (1989); *accord* Green v. Seymour, 59 F.3d 1073, 1077 (10th Cir. 1995); Fratus v. DeLand, 49 F.3d 673, 674 (10th Cir. 1995).

Federal courts are courts of limited jurisdiction and they possess only the power authorized by the Constitution and acts of Congress.[13]  One such restriction is the limitation on federal courts to reverse or modify state court judgments.[14]  Another is a prohibition against a federal district court hearing an appeal from a judgment rendered by a state court.[15]  Both of these restrictions fall under what is generally called the *Rooker-Feldman* doctrine.[16]  This doctrine "precludes federal district courts from effectively exercising appellate jurisdiction over claims 'actually decided by a state court' and claims 'inextricably intertwined' with a prior state-court judgment."[17]  "Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983."[18]

Here, Garding is basically asking this court to "effectively act as an appellate court in reviewing the juvenile court's disposition"[19] and reverse its judgment terminating Plaintiff's parental rights.  Under the *Rooker-Feldman* doctrine, however, this Court cannot reverse or

---

[13] *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

[14] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (finding no federal court "could entertain a proceeding to reverse or modify" a state court judgment, because "[t]o do so would be an exercise of appellate jurisdiction.  The jurisdiction possessed by the District Courts is strictly original.").

[15] *See Bolden* 441 F.3d at 1139 ("The *Rooker-Feldman* doctrine prohibits federal suits that amount to appeals of state court judgments.").

[16] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[17] *Mo's Express, LLC v. .Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006) (quoting *Kenmen Engineering v. City of Union*, 314 F.3d 468, 473 10th Cir. 2002)).

[18] *Anderson v. State of Colorado*, 793 F.2d 262, 263 (10th Cir. 1986) (stating federal courts do not have jurisdiction to review any claims of alleged constitutional rights violations under section 1983 that arise during the course of state judicial custody proceedings).

[19] *Warnick v. Briggs*, 2007 WL 3231609 *9-10 (D.Utah Oct. 30 2007).

modify a state court judgment.[20] Garding is also asking this court to provide relief from claims "'inextricably intertwined' with . . . prior state-court judgment[s]."[21] For example, Plaintiff's allegations concerning problems dealing with warrants issued by the state courts. Once again the court is barred from acting on issues inextricably intertwined with state-court judgments based upon the *Rooker-Feldman* doctrine. Garding's Complaint must therefore be dismissed.

In addition, even if Garding still has ongoing state court proceedings-something which is not entirely clear from the Complaint-this court must abstain from exercising jurisdiction over the case pursuant to *Younger v. Harris*.[22]

Finally, to the extent Plaintiff is suing the State of Utah, the state is not a "person" within the meaning of Section 1983. If Plaintiff is unhappy with the proceedings in state court, then she should raise her displeasure with the appropriate state appellate court on direct appeal.[23] The court notes that if Plaintiff was unhappy with the state appellate court's decision she would need to seek review from the Utah Supreme Court and eventually the United States Supreme Court. This court cannot act as an appellate court to those matters arising in the state courts.

## RECOMMENDATION

Based on the foregoing, the court recommends this case be dismissed and Garding's

---

[20] *See Rooker*, 263 U.S. at 415.
[21] *Mo's Express, LLC v. .Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006) (quoting *Kenmen Engineering v. City of Union*, 314 F.3d 468, 473 10th Cir. 2002)).
[22] 401 U.S. 37 (1971).
[23] *See Anderson*, 793 F.2d at 263.

motions for service of process[24] and appointment of counsel[25] be deemed moot.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within ten days after receiving this Report and Recommendation. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 28th day of April, 2009.

_____
Brooke C. Wells
United States Magistrate Judge

---

[24] Docket no. 5.
[25] Docket no. 4.